JOSEPH H. WORTHEN v. AUTHUR M. WILMOT.

*Contract. Damages.*

The rule of damages for not delivering personal property sold, according to the terms of the contract, where the vendor has not paid for it in advance, is the difference between the contract price and the market value at the time and place of the promised delivery.

*Quære*, whether the rule is different when the property has been wholly or partially paid for in advance.

Where, at the time of making a contract for the purchase of personal property at a future time, a small sum was paid as earnest money, which, however, before the breach of the contract by the vendor, or any tender of the balance of the price to him by the vendee, was returned to the latter by the vendor; *Held*, that this was not such a payment in advance as would bring the case even within those authorities, which hold that a payment in advance, in the case of a breach of such a contract, entitles the vendee to recover of the vendor the difference between the contract price and the highest market price at the place of delivery, at any subsequent time before trial.

ASSUMPSIT. The case was referred, and the referees reported the following facts:

In the fall of 1854, the plaintiff purchased a large quantity of corn, a part of which he intended to feed out to his poultry, and a part he designed to keep on hand for future sales, contemplating a rise in the market. On the 16th day of November, 1854, the

plaintiff contracted with the defendant to purchase of him two hundred bushels of corn, which the latter then had on hand, at one dollar per bushel, to be delivered at the defendant's dwelling house, at the first of sleighing, or within a convenient time thereafter. The plaintiff then paid the defendant twenty-five dollars as earnest money, and was to pay the balance on the delivery of the corn, or sooner if requested. Sleighing commenced that winter about the 1st of December. The defendant sent word to the plaintiff on the 9th of December, that he wished him to take his corn as soon as he had drawn the corn of the defendant's brother, which the plaintiff had also purchased and was then drawing. On the 13th of December, and before the plaintiff had drawn away all of the corn which he had purchased of the defendant's brother, the defendant sold his corn to another party, for one dollar and eight cents per bushel. The plaintiff went to the defendant's house on the 18th of December, to draw away the corn which he had purchased of the defendant, and demanded the corn, and tendered the defendant one hundred and seventy-five dollars as the balance of the agreed price, but the defendant refused to deliver the corn.

Corn commenced rising in price in December of that year, and continued to rise until August, 1855, when it was worth in Thetford, where the defendant resided, one dollar and a half per bushel. On the 18th of December, 1854, it was worth in Thetford only one dollar and twelve and a half cents per bushel, and on the 9th of May, 1855, when this suit was tried before a justice of the peace, it was worth eight shillings per bushel. On the 16th of December, 1854, the defendant sent twenty-five dollars to the plaintiff's house, and left it with his wife, the plaintiff then being absent, as the earnest money advanced by the plaintiff when the contract was made. It was not, however, the same identical money which the plaintiff had advanced to the defendant.

The referees reported that if the difference between the contract price and the market value of the corn, on the day of the breach of the contract, was to constitute the rule of damages, then the plaintiff was entitled to recover twenty-five dollars, and interest thereon from the 18th of December, 1854; but, that if, on the other hand, the rule of damages was the difference between the contract price and the highest market value between the time of

delivery and the trial of the case, then the plaintiff was entitled to recover sixty-six dollars and sixty-six cents, and interest thereon from the 18th of December, 1854.

Upon these facts, the county court at the June Term, 1857,— UNDERWOOD, J., presiding,—rendered judgment that the plaintiff recover of the defendant the difference between the value of the two hundred bushels of corn on the 9th of May, 1855, and the contract price, together with interest thereon from that date to the time of rendering judgment, to which the defendant excepted.

*A. Howard, Jr.*, and *A. M. Dickey*, for the defendant.

*C. W. Clarke*, for the plaintiff.

The opinion of the court was delivered by

ALDIS, J. The question in this case is, whether, in a suit by the vendee against the vendor, for a breach of the contract in not delivering the property sold, the measure of damages is to be determined by the market value of the property sold at the time when the contract was broken by non-delivery, or by its market value at any subsequent time before trial. This question does not seem to have been settled by any decision in this state. The question can only arise when the property sold has advanced in price between the time of making the contract and the time of delivery, and thereafter.

The general rule is, that where the vendee has not paid for the goods in advance, the difference between the contract price and the market value at the time and place of the promised delivery is the rule of damages. This goes upon the ground that the injured party is thereby made whole; that he can take his money and go into the market and buy the articles which were to have been delivered, at their then market value; and that if he gets as much in damages from the vendor as the increase in price which he is bound to pay on the purchase of the same property, he is thereby secure against loss. To this point the authorities are numerous and generally uniform. A different and more indefinite rule of compensation has been suggested by Prof. Parsons, in his work on contracts, viz: " that the plaintiff should recover full compensation for the loss

of all that he might fairly have gained during the whole period of the defendant's misappropriation, as the defendant should be supposed to have made his wrongful act as profitable to himself as the market at any time permitted, and should be compelled to give over this profit to the plaintiff." This rule does not seem to coincide with the general language of the authorities. In its practical application it would be both difficult and indefinite. The simplicity of the rule, as usually expressed, and its reasonableness as a standard of equitable compensation, seem to require a strict adherence to it, and forbid the adoption of any new form of phraseology in regard to it.

It is claimed, however, that where the vendee has paid the price down, or in advance, a different rule of damages obtains, and that then it is not the market value at the time of delivery, but the market value at any subsequent time before trial (if the suit is brought in a reasonable time), that determines the measure of damages. There are many authorities that sustain, and perhaps as many that deny this rule. Whether this doctrine is, or is not tenable, we do not deem it necessary to decide, or to examine the numerous authorities on this point. The facts, as reported by the referee, do not bring this case within the operation of the principle. The breach of the contract is fixed by the report, upon the 18th of December, when the plaintiff tendered one hundred and seventy-five dollars to the defendant, and he refused to take it and to deliver the corn. Prior to this time the plaintiff had paid but twenty-five dollars, as earnest money, and this was sent back to the plaintiff's house on the 16th of December, and left with his wife for him ; and as the report says nothing more about it, we may reasonably infer it was received by the plaintiff. The payment of so small a sum as earnest, and that repaid before a tender of the balance, is not such a payment in advance as would bring this case within the rule as laid down in the authorities. Their language is " when the vendee has paid the price down, or in advance," not paid a *part* of the price, or earnest money. The reason of the rule would seem to be, in part at least, that the vendor having paid his money to the vendee does not have it in hand to purchase similar goods with, at their market value. But it is not necessary to inquire as to the reasons of the distinction, or whether such distinction stands on

solid grounds of reason and justice, for this case does not admit of its application.

Applying, therefore, the general rule, that where the vendee has not paid for the property, he is entitled to recover the difference between the contract price and the market value at the time of the promised delivery, and that only, we think there was error in the judgment of the county court; that there should have been judgment on the report for the plaintiff, for the smaller sum reported. The judgment of the county court is therefore reversed, and judgment for the plaintiff, for the sum of twenty-five dollars with interest from the 18th of December, 1854, and costs.