## GEISER MANUFACTURING COMPANY v. CHARLES HOLZER.[1]

February 11, 1910.

Nos. 16,367—(201).

**Sale — Action for Failure to Execute Notes — Recovery.**

> Defendant ordered machinery of plaintiff, and agreed to execute notes therefor. Machinery purporting to be the kind ordered was delivered by plaintiff to defendant in the fall of 1905. Defendant's answer in the present action was verified in January, 1907. During the interim defendant has retained the articles delivered, and has neither paid for them, nor executed the agreed notes, and has never returned nor offered to return them, nor any part thereof. It is *held* that plaintiff is entitled to recover damages in the amount of the notes.

Action in the district court for Scott county to recover $500 for breach of a contract to execute and deliver to plaintiff certain notes aggregating that sum. The case was tried before Morrison, J., and a jury which rendered a verdict in favor of plaintiff for $592. From an order granting defendant's motion for a new trial, plaintiff appealed. Reversed.

*Benton, Molyneaux & Morley,* for appellant.

*F. J. Leonard,* for respondent.

JAGGARD, J.

Plaintiff and appellant company sued defendant and respondent for breach of contract caused by the failure of defendant to execute

[1] Reported in 124 N. W. 827.

to plaintiff the notes in accordance with the contract. The goods were not paid for. Defendant had gone to plaintiff's place of business, tested a secondhand engine, selected that engine and appliances, and signed a written order to pay $500 in accordance with the notes described in the complaint, the last of which was to fall due on December 1, 1907. The order contained no warranty, unless the description of the engine constituted one.

Defendant insists that plaintiff cannot recover, because plaintiff did not deliver the goods contracted for, and defendant has neither received, accepted, nor used the goods. Defendant's answer, however, expressly admits that "said goods (described in the order) were shipped by said plaintiff to said defendant at Jordan, Minn., on or about the date alleged in said complaint; * * * that upon receipt of said goods by said defendant he endeavored to use the same, but that they would not work and could not be used, of which fact said plaintiff was given immediate notice." The testimony disclosed by the record shows that this was not a casual or inadvertent admission, but was necessitated by the facts. It appears affirmatively that defendant has retained possession of the goods since the fall of 1905. The record does not disclose when the action was commenced, but it does appear that the answer was verified January 10, 1907. The contract provided, among other things, "that the machinery herein ordered is sold as secondhand machinery, and in consideration of the price at which sold it is to be paid for without offset; possession of same for a period of five days shall be conclusive evidence of satisfaction and a waiver of all claims of any kind whatsoever against the Geiser Manufacturing Company." Under the terms of this clause defendant's retention of the machinery waived all claims against plaintiff. If, however, as defendant insists, this clause itself was waived, none the less the absence of return or offer to return was not waived, and precludes recovery by defendant.

Defendant further insists that the most that can be recovered is an amount not exceeding ten per cent. of the purchase price and freight. This claim was made under the following clause of the contract: "If party ordering within machinery refuses to receive or settle for same on delivery, said party agrees to pay all freight from

and to point from which it was shipped, and also pay ten per cent. of purchase price of said machinery as liquidated damages for non-completion of this order." In an appropriate case, without doubt, this clause must be construed in connection with the five days retention clause previously set forth. As so construed, or in any possible view, it did not sustain defendant's position, namely, that defendant "not only refuse[d] to settle, but he refuse[d] to receive—that is, accept—the goods. He not only did one, but both, and in the face of this plain proof of the order there can be no question about it." As has previously been pointed out, defendant received and retained the goods. It is clearly impossible for him to assert that by failing to comply with the terms of purchase, and by insisting that he did not accept the goods, he had escaped the contract obligation.

The court directed a verdict for plaintiff in the amount named in the complaint. It granted defendant's motion, however, to set aside the verdict, and ordered a new trial. Defendant insists that trial errors justified this order. We have examined those errors. The principal ones are disposed of by the views previously expressed as to the merits of the case. The excepted rulings as to evidence are without merit.

We have not referred to a counterclaim asserted by defendant, the merits of which are not involved in this appeal.

Reversed.