## GRIST *v.* LEE.

### Opinion delivered May 29, 1916.

PLEADING AND PRACTICE—COMPLAINT SOUNDING IN CONTRACT—PROOF OF TORT.—Where a complaint states a cause of action for breach of contract, it is error for the trial court to permit the plaintiff by his evidence to completely change the nature of his suit, and to make a suit for damages for a tort.

Appeal from Logan Circuit Court, Northern District; *James Cochran,* Judge; reversed.

*Robt. J. White,* for appellant.

1. This was a suit upon a contract and it was error to allow testimony to show a tort by conversion of the property. One can not sue upon contract and recover in tort. 69 Ark. 209; 76 *Id.* 335; 64 *Id.* 213; 70 *Id.* 319, 325; 67 *Id.* 1; 49 *Id.* 94. The court improperly instructed the jury.

*D. E. Johnson,* for appellee.

1. Whether the issue was one of contract or of tort, the matter grew out of the same facts and could be plead in the same suit. Acts 1905; 83 Ark. 288; 86 *Id.* 130.

2. There is no error in the instructions. The answer does not deny conversion and the proof shows it. 63 Ark. 268; 54 *Id.* 30; 56 *Id.* 450. The verdict is amply sustained by the evidence and Lee's property was taken, as admitted, without his knowledge and consent.

SMITH, J. The complaint in this cause contained the following allegations: That on the 16th day of January, 1915, the defendant (appellant) entered into a contract with plaintiff (appellee) agreeing to purchase the inter-

est and equity of plaintiff in a certain well drill and to pay therefor the sum of $250 and to assume the payment of balance due on said machine to the Lester-Sicard Machine Company, of Fort Smith, in the sum of about $254. That defendant immediately took from the possession of plaintiff said machine and, as he is informed and believed, has paid said balance due on said machine to the Lester-Sicard Machine Company.

That defendant on said date agreed to execute to plaintiff his two promissory notes in the sum of $175 each, bearing interest at 10 per cent., with security subject to plaintiff's approval. That said contract has been in all parts complied with except the execution of said notes on the part of defendant and that he still neglects and refuses to execute said notes and thereby has converted to his own' use the said property of plaintiff, to his damage in the sum of $350. Wherefore, judgment is prayed. The answer contained a general denial of these allegations.

Appellee's testimony as a witness was in substantial support of these allegations; but after the conclusion of his cross-examination he testified, on his redirect-examination, that he never authorized Mr. Grist to get the drill and that he did not know he had gotten it until it had been hauled away. This evidence was given over appellant's objection and exception.

Appellee says his suit is for the conversion of the drill and that the effect of his allegations in regard to the contract is merely to furnish a measure for the damages sustained by the wrongful conversion of his property, and instructions were given which conformed to this view.

We do not agree, however, with the view that this is the effect of the allegations of the complaint. We think the complaint states clearly a cause of action for damages for a breach of contract and that the court erroneously permitted appellee by his evidence to completely change the nature of his suit and to make it a suit for damages for a tort.

In the case of *Patrick* v. *Whitely*, 75 Ark. 468, the court quoted with approval the following language from

the New York Court of Appeals: "Pleading and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." See also *K. C. So. Ry. Co.* v. *Tonn,* 102 Ark. 20; *Wood* v. *Wood,* 59 Ark. 446; *Midland Valley Ry. Co.* v. *Ennis,* 109 Ark. 217; *White River Ry. Co.* v. *Hamilton,* 76 Ark. 333; *St. Louis, I. M. & S. Ry. Co.* v. *Gillihan,* 77 Ark. 551; *Shapleigh Hardware Co.* v. *Hamilton,* 70 Ark. 319; *Fluty* v. *School Dist.,* 49 Ark. 94; *Conant* v. *Storthz,* 69 Ark. 210; *Railway Co.* v. *State,* 59 Ark. 165; *Railway Co.* v. *Dodd,* 59 Ark. 323; *Necklace* v. *West,* 33 Ark. 682.

We think, therefore, that error was committed in thus permitting appellee to change the nature of his cause of action and the judgment must, therefore, be reversed and the cause will be dismissed.