N. W. VAN CLEVE *v.* EASTERN FRUIT &. NUT ORCHARD COMPANY.

November Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 8, 1917.

*Contracts—Termination—Duties after Termination—Damages —Practice Act.*

A contract for the employment of plaintiff by defendant corporation as its superintendent for a period of two years at a fixed salary and the use of a house and premises was terminated when the general manager of defendant, acting within his authority, before the expiration of the two years, gave plaintiff written notice that his services were no longer required and it was the duty of plaintiff to vacate the house within a reasonable time thereafter, the possession thereof being an incident to the contract; and it was taken that such reasonable time was given him where plaintiff introduced no evidence that the time was unreasonable.

In an action brought to recover damages for the breach of a contract of employment of plaintiff by defendant for two years at a fixed salary and the use of a house and premises, plaintiff cannot recover damages for injury to his household furniture caused by its removal from the house by agents of defendant before the expiration of the two years.

The Practice Act (No. 90, Acts 1915), while it liberalizes proceedings in many respects, carefully preserves the distinction between actions of contract and actions of tort.

GENERAL AND SPECIAL ASSUMPSIT. Plea, the general issue. Trial by jury at the March Term, 1916, Chittenden County, *Stanton,* J., presiding. Verdict for plaintiff. Defendant excepted. The opinion states the case.

*C. J. Ferguson* and *V. A. Bullard* for defendant.

*Rufus E. Brown, Sherman R. Moulton* and *John J. Enright* for plaintiff.

HASELTON, J.   This is an action of assumpsit in which the plaintiff seeks to recover damages for the breach of a contract. Trial was had by jury and verdict and judgment were for the plaintiff.   The defendant excepted.

By a contract dated January 31, 1914, the defendant, a corporation, employed the plaintiff as superintendent of an orchard and farm of the defendant.   The plaintiff was to have a certain salary and the use of a house, part of a barn and a garden plot. Performance under the contract was to begin and did begin April 1, 1914.   The contract was to run for two years unless previously terminated in accordance with a provision in the contract itself which was not acted under and so is immaterial here to be stated.

June 4, 1914, the general manager of the defendant gave the plaintiff a written notice to the effect that his services were no longer required and that he was required to vacate the premises. No question is made as to the authority of the general manager, in all that he did, and by this notice the defendant terminated the contract.   *Emack* v. *Hughes*, 74 Vt. 382, 52 Atl. 1061; *White* v. *Lumiere, etc., Co.*, 79 Vt. 206, 64 Atl. 1121, 6 L. R. A. (N. S.) 807.

The right of the plaintiff to the possession of the house occupied by him was an incident to the contract and by the termination of the contract his right to the possession terminated and it was his duty to vacate the house in a reasonable time, and it is to be taken that such reasonable time was given him since the plaintiff introduced no evidence that the time was unreasonable.

The plaintiff testified that on June 16, 1914, the defendant's manager came with men and took some of the goods of the plaintiff and removed them from the house and took them along the highway for some distance, that it was raining at the time, and that by these doings the goods became wet and otherwise damaged.   The plaintiff testified that thereafter on June 20, 1914, at about 4 o'clock in the morning, while he and his wife were in bed, the manager came with men and had the dining room and kitchen doors locked, and that about seven o'clock of

the same morning men in the employ of the defendant came back and removed from the kitchen some of the plaintiff's stuff, including the kitchen stove, and carried these things where the others already spoken of had been carried, and that these last suffered damage by the manner of their removal.

In charging the jury, the court, after enumerating various elements of damage in this action, added that the plaintiff was entitled to recover for whatever damage his furniture and other property may have suffered by reason of their removal from the house and premises in the way shown by the evidence. To the charge in respect of such damage as an element of recovery in this case, the defendant specifically excepted, on the ground that if any such damage could be recovered at all, the recovery must be in an action of tort, and could not be had in this action of contract. This exception was well and clearly taken. The Practice Act, while it liberalizes proceedings in many respects, carefully preserves the distinction between actions of contract and actions of tort.

Whether the removal of the goods as they were removed brought the proceedings within the purview of our statutes against forcible entry into lands and tenements, counsel do not discuss, nor do we. Some minor questions have been somewhat argued, but any such, likely to arise on a new trial, were not so distinctly raised as to require their discussion here.

*Judgment reversed and case remanded.*