McDonald v. Hill.

Opinion delivered February 25, 1918.

PLEADING AND PRACTICE—COMPLAINT ASKING RENT—PROOF OF TORT.— Where a complaint asked damages for the use of an article as rent, it is improper to admit testimony and permit the cause to go to the jury on the issue of the negligent use of the article.

Appeal from Little River Circuit Court; *Jefferson T. Cowling, Judge;* reversed.

*June R. Morrell,* for appellants.

1. Immaterial testimony was introduced to the prejudice of appellants, as to the authority of Hill to rent or loan the machine, and as to its damaged condition. The action was changed from contract to tort.

2.   It was error to treat the complaint as amended and refusing time to meet the issue. 88 Ark. 181.

3.   The court erred in its instructions. Where property is loaned, or where the parties using the same are led to believe that no rent will be charged, the owner can not afterwards charge rent for use of the property. 68 Ark. 146; 101 *Id*. 504.

*A. D. Dulaney* and *John J. Dulaney*, for appellees.

1.   The court did not err in treating the complaint as amended to conform to the proof. Kirby's Digest, § 6145; 124 Ark. 232. No abuse of discretion is shown, nor was prejudice shown. 100 *Id*. 216; 88 *Id*. 181; 103 *Id*. 79; 104 *Id*. 276.

2.   No new cause of action was raised or stated by the amendment. 83 Ark. 290; Acts 1905, 798. See also 49 Ark. 253; 54 *Id*. 216; 59 *Id*. 312; 33 *Id*. 107; Kirby's Digest, § § 6140-5; 94 Ark. 367; 31 Cyc. 401.

3.   No error in permitting testimony as to the damaged condition of the machine. 104 Ark. 79; 87 *Id*. 396; 101 *Id*. 147; 95 *Id*. 155. It was not prejudicial. 55 *Id*. 163; 78 *Id*. 374; 94 *Id*. 115.

4.   There is no error in the instructions. 6 C. J. 1127; 83 Ark. 10; 68 *Id*. 146; 101 *Id*. 504.

McCULLOCH, C. J.   Appellee instituted this action against appellant to recover a sum of money alleged to be due for the rent of an under-reamer, a tool or machine used in the drilling of wells, and it is alleged in the complaint that appellants rented the tool and used it for a period of 60 days, and that a reasonable rental value thereof was $10.00 per day. Appellants filed an answer denying that they rented the tool or machine from appellees. There was a trial of the issues before a jury and the evidence adduced by appellees tended to show that appellants obtained possession of the under-reamer from them for use and that there was no specific agreement for the payment of rent, but that the circumstances were such that the jury might have inferred an agreement on the part of appellants to pay a reasonable rent for the

use of it.  On the other hand, the testimony of appellants tended to show that appellees lent them the machine gratuitously under circumstances which excluded any legitimate inference of an agreement to pay for its use. The testimony seems to have been sufficient to support a verdict either way on the question of liability of appellants for the payment of a reasonable sum as rent of the machine during the time they used it.

During the progress of the trial appellees were permitted, over the objections of appellants, to prove by witnesses that the machine deteriorated from use of it by appellants, and that it was not in as good condition when returned as it was when appellants received it.  Some of the witnesses testified that the machine was practically valueless when returned.  There was, however, no testimony tending to show improper or negligent use of the machine by appellants, the testimony being confined to deterioration from ordinary use.  The court, over the objection of appellants, treated the complaint as amended so as to set forth grounds for recovery for the damage done to the machine, and instructed the jury that if appellants "obtained possession of this machine and kept it and used it, and brought it back in a damaged condition" the verdict should be for the plaintiff, "and the measure of damage would be the difference between the value of this machine at the time they received it and the time they returned it, or what it would cost to repair it, if it could be repaired."

The amendment and the instruction of the court submitting the issue to the jury constituted a complete change of the cause of action from contract to tort, and it was error for the court to permit that to be done. *Grist* v. *Lee,* 124 Ark. 206.  Moreover, the evidence was wholly insufficient to warrant a submission of the issue of negligence on the part of appellants in the use of the machine or wrongfully withholding the machine so as to justify recovery of damages.  The evidence of deterioration of the machine from ordinary use was competent to aid the jury in estimating the reasonable rental value,

but it was not competent to establish a right of action for the negligent use or wrongful withholding of the machine. In fact, the only issue presented by the evidence was whether or not there was a renting of the machine under an implied agreement to pay for its use or whether there was merely a gratuitous lending of the machine.

The court was, therefore, in error, not only in permitting the change in the cause of action, but also in its charge to the jury stating that the measure of recovery would be the difference between the value of the machine at the time it was delivered to appellants and its value at the time of its return.

Reversed and remanded for a new trial.