GRIFFIN v. CHESNEY.

Opinion delivered March 16, 1925.

1. CONTRACTS—PARTY COMMITTING FIRST BREACH.—The party who commits the first substantial breach of contract cannot maintain an action against the other contracting party for a subsequent failure to perform.

2. INJUNCTION—BREACH OF CONTRACT.—A party is not entitled to enjoin the breach of a contract by another, unless he has performed what the contract required of him so far as possible; if he is in default or has given cause for nonperformance by the defendant, he has no standing in equity.

Appeal from Benton Chancery Court; *H. L. Pearson,* Special Chancellor; affirmed.

*A. L. Smith,* for appellant.

*McGill & McGill,* for appellees.

SMITH, J. The parties to this litigation entered into a written contract on the 10th day of February, 1917, whereby they agreed, according to our interpretation of the contract, as follows: Chesney, who was a local fire insurance agent representing four companies, sold his agency to Griffin for $500 cash, which was paid upon the

transfer of the agency for these four insurance companies from Chesney to Griffin. Chesney reserved the right, at his option, to solicit insurance business for Griffin, and was to be paid for any business written by him as follows: For all new business Chesney was to receive the entire premium, whether the policy was for a year or for a term of years, and new business was defined to mean not renewals of old policies, but business not on the books of Chesney at the time of the sale of his agency. From the commissions thus earned a deduction of twenty-five cents for each policy issued by Griffin was to be made for a period of twelve months, dating from the date of the sale.

When Griffin desired Chesney to assist in securing renewals of existing policies, that service was to be rendered by Chesney, and one-half of the commission thus earned was to be paid him for this service.

Chesney also agreed that he would not enter into the fire insurance business in Siloam Springs, Arkansas, where his agency had been located, for himself, or in connection with any other agent, so long as "the party of the second part (Griffin) shall remain continuously and directly from the date of this contract in such business in this city, and not violate the terms of this contract."

The contract contained certain other provisions which need not be stated, as they are not involved in this litigation.

Suit was brought by Griffin, who alleged that Chesney had breached the contract by reentering the insurance business in Siloam Springs, and that Chesney sought to defend his action in so doing by falsely claiming that plaintiff Griffin had previously breached the contract. There was a prayer that Chesney be enjoined from continuing in the business of writing fire insurance in the city of Siloam Springs.

Chesney filed an answer admitting the execution of the contract, and admitted that he had reentered the fire insurance business, but he alleged that plaintiff had first breached the contract in several respects, and his obliga-

tion under the contract to stay out of the insurance business had thereby been annulled.

By way of cross-complaint, the defendant Chesney alleged that Griffin had failed to properly account to him for the commissions he had earned on insurance he had written, and he prayed that an accounting be had between them.

It would serve no useful purpose to set out the testimony offered by the litigants in support of their respective allegations. The court found the fact to be that there was no equity in either the complaint or the cross-complaint, and dismissed them both as being without equity, for the reason that the plaintiff had violated the contract from the beginning by secretly withholding a portion of the commissions to which defendant was entitled; and defendant had violated the contract by secretly giving a portion of his business to other insurance agents, and upon this express finding the court assessed half of the costs against each of the parties.

We are unable to say that this finding is clearly against the preponderance of the evidence; in fact, the finding is virtually supported by the admissions of the parties.

There is more uncertainty about who committed the first breach, and this appears to be the principal question of fact in the case. Cases are cited holding that the party who commits the first substantial breach of a contract cannot maintain an action against the other contracting party for a subsequent failure to perform. This is, of course, a well settled principle of the law.

Without undertaking to decide who committed the first breach of the contract, it may be said that the testimony shows that each party had breached the contract before the other was aware of the fact that the other had also breached it. Indeed, the plaintiff alleged in his complaint that it had come to his knowledge, since the institution of this suit, that defendant had never in good faith complied with the contract, and, while the plaintiff alleged and testified that he had never breached the

contract himself, we think, as we have said, that the chancellor's finding to the contrary is not clearly against the preponderance of the evidence.

As we have said, appellant (plaintiff) brought suit to enjoin defendant from engaging in the insurance business in the city of Siloam Springs, and we think the court was warranted in denying him the relief prayed because of his own breach of the contract. There is no cross-appeal by appellee, and we do not consider what relief, if any, he might have had by way of damages had he cross-appealed. The question presented by appellant's appeal is whether he is entitled to enjoin appellee from reentering the insurance business in the city of Siloam Springs, and, as we have stated, this relief was properly denied him because of his own breach of the contract upon which he predicates his cause of action.

In 32 C. J., p. 192, § 290 of the chapter on Injunctions, it is said: "A party is not entitled to enjoin the breach of a contract by another, unless he himself has performed what the contract required of him so far as possible; if he himself is in default, or has given cause for nonperformance by defendant, he has no standing in equity."

Under the circumstances we think appellant has not made a case entitling him to equitable relief, and the decree of the court below is therefore affirmed.