## THOMAS v. BASDEN & CARRELL et al.
### (No. 2342.)

Court of Civil Appeals of Texas. El Paso. Dec. 12, 1929.

D. W. Burkhalter and G. Q. Youngblood, both of Dallas, for appellant.

Leachman & Gardere, of Dallas, for appellees.

HIGGINS, J. This is the second appeal in this case. It is admitted by appellant the case was tried the last time upon practically the same pleadings as upon the first. We therefore refer to the opinion of Chief Justice Gallagher, in (Tex. Civ. App.) 4 S.W.(2d) 336, upon the first appeal for statement of the issues presented by the pleadings.

Upon the last trial judgment was rendered in favor of Basden & Carrell against Thomas for the balance sued for by Basden & Carrell with foreclosure of chattel mortgage; against Thomas upon the cross-actions asserted by him against Basden & Carrell and the Baker Company.

Upon this appeal Thomas complains only of that portion of the judgment in favor of the Baker Company. The record contains no statement of facts.

The jury found that the Baker Company agreed with Basden & Carrell that they (Basden & Carrell) should be given 90 days' notice of the hotel's desire to terminate the garbage contract; the Baker Company agreed that it would accept the defendant, Thomas, in the place of Basden & Carrell in the garbage contract. The jury further found that Thomas suffered damages in the amount of $210 as the direct result of the failure of the Baker Company to give 90 days' notice of its desire to terminate the garbage contract. Upon these findings appellant contends judgment should have been rendered in his favor against said company for $210.

However, the jury further found that Thomas, immediately prior to July 12, 1926, did not furnish to the Baker Company a sufficient number of cans to handle the garbage; that the cans furnished by the defendant, Thomas, were not reasonably suitable for the purposes for which they were to be used; that the defendant, Thomas, did not render to the Baker Company immediately prior to July 12, 1926, competent, adequate, and efficient service, and that the defendant, John H. Thomas, did not remove the garbage from the Baker Hotel immediately prior to July 12, 1926, in a manner and at the time which was reasonably necessary and proper under the circumstances.

These latter findings show that appellant first substantially breached the contract between himself and the Baker Company by failing to properly discharge the obligations resting upon him. Under these circumstances he cannot complain of the Baker Company's subsequent failure to give him 90 days' notice of its purpose to terminate the contract. Griffin v. Chesney, 168 Ark. 240, 269 S. W. 582; Peck v. Morgan (Tex. Civ. App.) 156 S. W. 917; Major v. Hast (Mo. App.) 263 S. W. 466.

The next two assignments complain of the exclusion of certain testimony. The testimony was obviously hearsay. Furthermore, had it been competent, reversal would not be ordered in view of the fact that there is no statement of facts in the record. Stonebraker v. Friar, 70 Tex. 202, 7 S. W. 799, and other cases cited in 1 Michie Digest, p. 748.

The action of the court in permitting the filing of a trial amendment by the Baker Company presents no error. The qualifica-

tion by the court to the bill of exception taken to the filing of the amendment brings the matter within the rule announced in Bain v. Coats (Tex. Civ. App.) 228 S. W. 571; Rea v. Johnson (Tex. Civ. App.) 270 S. W. 1077; and Johnson v. Bingham (Tex. Civ. App.) 251 S. W. 529; Id. (Com. App.) 265 S. W. 130.

Affirmed.