## NAKDIMEN v. BAKER.*
### No. 11190.

Circuit Court of Appeals, Eighth Circuit.
Dec. 12, 1938.

*Rehearing denied Jan. 12, 1939.

196

James B. McDonough, of Fort Smith, Ark. (George O. Patterson and Edward H. Patterson, both of Clarksville, Ark., on the brief), for appellant.

Harold R. Small, of St. Louis, Mo. (Thomas B. Pryor, of Fort Smith, Ark., Emmet T. Carter, of St. Louis, Mo., Pryor & Pryor, of Fort Smith, Ark., and Carter & Jones, of St. Louis, Mo., on the brief), for appellee.

Before STONE, GARDNER, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from a judgment at law in favor of the appellee, plaintiff below, against appellant, defendant below. The appeal presents but one question necessary to its determination. Other questions are raised in argument, but since, in the view we take of the issues, the judgment must be reversed and the case remanded for a new trial, all minor and incidental matters will be passed over because they may not arise on the second trial.

The ultimate question is whether the action is in assumpsit for damages for breach of contract or in tort for damages for conversion of personal property. The lower court submitted the case to the jury on the theory that it is an action in tort for conversion. In this we think he erred.

The court correctly summarized the contentions of the parties in the following instruction: "Under the pleadings and the evidence it appears an agreement was entered into at Fort Smith, Arkansas, December 6, 1935, between the plaintiff, Baker, and the defendant, Iser Nakdimen. By this agreement Baker was to transfer his 200 shares of stock, each of the par value of $100.00, in the City National Company into a certificate for the same number of shares in favor of defendant, Iser Nakdimen's wife, Celia Nakdimen, and in consideration of this transfer Iser Nakdimen was to execute and deliver his three-year non-interest note for $13,125.00 with an option to renew for another two years, the terms of which note were fully agreed on; if the note was renewed the amount of the renewal was to be $13,700.00. The three-year note obligation was to be secured by the certificate in the name of Iser Nakdimen's wife and was to be endorsed by her before being pledged to secure the note. Pursuant to this agreement the three-year note was signed by defendant, Iser Nakdimen, the certificate of stock in favor of plaintiff, Baker, was surrendered and transferred into a certificate in favor of Celia Nakdimen and by plaintiff delivered to defendant, Iser Nakdimen, for endorsement by Celia Nakdimen, and a written consent was agreed on and delivered to Iser Nakdimen December 6, 1935; the certificate in favor of Celia Nakdimen was endorsed by her that evening along with the written consent that her certificate so endorsed might be used as a pledge to secure the payment of Iser Nakdimen's note for $13,125.00. The understanding was during the day of December 6, 1935, that the signatures would be obtained that evening and that the signed note, the Celia Nakdimen certificate endorsed and the consent of Celia Nakdimen signed would be delivered to plaintiff, Baker, the next day. Now, both parties agree that these are the terms of the contract. There is no dispute about that."

The plaintiff alleged that Nakdimen failed and refused to deliver the note and collateral on December 7 as he had agreed but that he converted them to his own use, and that he was indebted to plaintiff for the value of the 200 shares of stock in the City National Company. Before the trial the defendant moved the court to require the plaintiff "to declare whether he intends his

suit to be one upon contract or one upon tort, and to elect upon which, whether contract or tort, he will proceed." This motion should have been sustained.

The contract was made in Arkansas and the alleged breach occurred there. The substantive rights of the parties must be determined, therefore, by the laws of that state. It is elementary that a promissory note is not a binding obligation before its delivery, 8 C.J. 203; and since the note in question was never delivered by Nakdimen, the maker, to Baker, the payee, Baker never acquired any property right in it. The most that he had was a right of action for breach of contract and an equitable lien upon the 200 shares of stock. Sexton v. Kessler & Co., 225 U.S. 90, 32 S.Ct. 657, 56 L.Ed. 995; Theatre Realty Co. v. Aronberg-Fried Co., 8 Cir., 85 F.2d 383, 388. The case is clearly controlled by the decision of the Supreme Court of Arkansas in the case of Grist v. Lee, 124 Ark. 206, 186 S.W. 825. In that case the plaintiff alleged in his complaint that the defendant entered into a contract to purchase from plaintiff a well drill and to pay $350 and to pay a balance due on the machine to another party in the sum of $254; that defendant took possession of the machine, paid the $254 and refused to execute his two promissory notes for the unpaid purchase price, "and thereby has converted to his own use the said property of plaintiff [the well drill], to his damage in the sum of $350"; and judgment was asked in that sum. Judgment was rendered for plaintiff, and upon appeal to the Supreme Court the cause was reversed, that court saying:

"Appellee says his suit is for the conversion of the drill, and that the effect of his allegations in regard to the contract is merely to furnish a measure for the damages sustained by the wrongful conversion of his property, and instructions were given which conformed to this view.

"We do not agree, however, with the view that this is the effect of the allegations of the complaint. We think the complaint states clearly a cause of action for damages for a breach of contract, and that the court erroneously permitted appellee by his evidence to completely change the nature of his suit and to make it a suit for damages for a tort.

"In the case of Patrick v. Whitley, 75 Ark. [465], 468, 87 S.W. 1179, 5 Ann.Cas. 672, the court quoted with approval the following language from the New York Court of Appeals [Southwick v. First Nat. Bank, 84 N.Y. 420]:

" 'Pleading and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action, and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary.' "

Following the decision of the Supreme Court in the case of Grist v. Lee, supra, the judgment in this case must be reversed.

The pleadings in the district court are confusing and contain much surplusage. The pleadings should be simplified and the issue clearly joined before a second trial. The judgment appealed from is reversed and the case remanded with instructions to grant a new trial and to permit the parties to amend their pleadings if they so elect or to require them to do so if the court so directs.

Reversed and remanded.