## NAKDIMEN v. BAKER.
### No. 11612.

Circuit Court of Appeals, Eighth Circuit.
May 14, 1940.

Rehearing Denied May 27, 1940.

James B. McDonough, of Fort Smith, Ark. (Patterson & Patterson, of Clarksville, Ark., on the brief), for appellant.

Harold R. Small, of St. Louis, Mo. (Thomas B. Pryor, of Fort Smith, Ark., Emmet T. Carter, of St. Louis, Mo., Pryor & Pryor, of Fort Smith, Ark., and Carter & Small, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

This is the second appeal in this case. The opinion of this court on the first appeal is reported in Nakdimen v. Baker, 8 Cir., 100 F.2d 195, 196. The evidence is the same on both appeals. On the first appeal we held that the court erred in overruling the appellant's motion to require the plaintiff (appellee) "to declare whether he intends his suit to be one upon contract or one upon tort, and to elect upon which, whether contract or tort, he will proceed." The trial court was of the opinion that the plaintiff's petition alleged a cause of action for damages for conversion and submitted the case to the jury on that theory. We reversed on the ground that the evidence was not sufficient to support the verdict on that theory. The pleadings were ambiguous and prolix. We directed that the parties be permitted to amend or to be required to do so, if the court so directed.

The plaintiff amended his petition attempting to state a cause of action for breach of contract. The defendant denied a breach of contract, pleaded an election of remedies and asked for specific performance of the contract. The parties waived a jury, the case was tried to the court and a judgment entered for the plaintiff from which this appeal is taken.

The controlling facts are not in dispute. The controversy grows out of an oral contract entered into between the parties on December 6, 1935. On that day Baker agreed to sell and Nakdimen agreed to purchase 200 shares of the par value of $100 each in the City National Company, an Arkansas Corporation, for the agreed price of $13,125. The agreement provided that Baker should cause to be transferred on the books of the corporation the 200 shares of stock to Celia Nakdimen, wife of the defendant; that Nakdimen would make and deliver to Baker his promissory note for the purchase price and that he would secure from his wife a written consent to

pledge the stock to Baker as security for the payment of the note. The note was in the following form:

"Fort Smith, Arkansas
$13,125.00          December 6, 1935.

Three Years after date, without grace, I promise to pay to the order of Lazare Baker Thirteen Thousand One Hundred Twenty-five and No/100 Dollars at The City National Bank, of Fort Smith, Arkansas. Having deposited herewith, as collateral security for payment of this liability of maker to said Lazare Baker, the following property, viz.:

Stock Certificate No. 19 covering two hundred shares of the capital stock of the City National Company

which at the maturity of the three-year period, if the maker does not exercise right of extension, or at the end of the five-year period, whichever it may be, then I hereby authorize the holder of this note to sell at public or private sale without demanding payment of this note or debt due thereon and without further notice by advertising or otherwise, and apply proceeds, or as much thereof as may be necessary to the payment of this note, and all expense and charges, holding myself responsible for any deficiency.

It is agreed by the payee of said note that there is to be no interest on the note for the first three years. It is agreed that at the expiration of the three-year period the payee grants to the maker of said note the option of a two-year extension on said note, and at the expiration of the full five-year period the amount for which the note will be due and payable will be Thirteen Thousand Seven Hundred and no/100 ($13,700.00) Dollars. The difference between the face amount of the note and the amount due and payable at the end of the five-year period is interest.

Sixty days' advance notice to be given by the payee to the maker, of the maturity of the note.

Signed: I. H. Nakdimen."

The papers were all drafted on the day the contract was made and the certificate for 200 shares of stock in the name of Celia Nakdimen was delivered to Nakdimen. The agreement provided that Nakdimen would take the stock certificate, the written consent and the note home with him that night; that he would procure his wife's signature to the consent and her endorsement upon the stock certificate, and that he would deliver the three instruments to Baker on the following day, December 7, 1935.

Nakdimen attended to the execution of all the papers in accordance with the terms of the agreement, but on December 7, 1935, he refused to deliver them to Baker except upon condition that Baker would first procure for him certain information with reference to a claim against him by the estate of Lillie N. Lazarus, deceased. Baker undertook to procure the requested information and failed. On February 3, 1936, Baker demanded delivery of the papers to him. Nakdimen again refused to make delivery except on condition that there be a simultaneous settlement of the estate claim. Baker thereupon employed local counsel to bring suit.

On February 9, 1936, Nakdimen repented and tendered to Baker a complete and unconditional delivery of the stock certificate, the consent and the note. Baker then informed Nakdimen that by his previous refusal to deliver these documents he (Baker) had been caused a considerable expense in the nature of attorney's fees and traveling expenses. He thereupon refused to accept the tender except upon condition that Nakdimen reimburse him for these expenditures. Nakdimen refused to accede to this condition.

Upon the first trial of this case Nakdimen tendered the three instruments into court and they are still held for Baker in the possession of the clerk.

The appellant now contends in this court (1) that his motion to dismiss the amended complaint on the ground of election of remedies should have been sustained; (2) that the court should have decreed specific performance of the contract by compelling Baker to accept the note, consent of Mrs. Nakdimen and the stock certificate; (3) that the evidence is insufficient to support the finding of the district court that Nakdimen breached the contract; and that (4) Baker by his demand on February 3, 1936, elected to treat the contract as binding and thereby waived any previous breach.

■ 1. The first contention is based upon the ground that the plaintiff originally asserted a cause of action in tort for conversion of the documents and that he is bound by his election so as to preclude this action for damages for breach of contract. The argument proceeds upon an erroneous assumption. Plaintiff's original petition was so drawn that it was impossible to determine whether the cause of action as-

serted was based on contract or tort or both. Accordingly on the first appeal we sustained the defendant's contention that the plaintiff should have been required to elect upon which theory he would go to trial. 8 Cir., 100 F.2d 195, 197. We further pointed out that the pleadings should be amended and the issues clearly defined. The plaintiff has amended his petition to assert a cause of action for damages for breach of contract. Obviously the doctrine of election of remedies has no application to this situation. The plaintiff has complied only with the direction of this court.

2. The second contention is also without merit. It is settled that a party who breaches his contract can not insist upon performance by the other party. Griffin v. Chesney, 168 Ark. 240, 269 S.W. 582; DeLukie v. American Petroleum Co., 170 Ark. 453, 280 S.W. 669, 673; Liberty Life Ins. Co. v. Olive, 180 Ark. 339, 21 S. W.2d 405; Roig v. Electrical Research Products, 1 Cir., 57 F.2d 639, 642. As pointed out hereinafter Nakdimen clearly breached his contract.

3. The next contention is that the evidence does not support the finding that Nakdimen breached the contract. This requires a consideration (a) of the legal effect of Nakdimen's excuse for non-performance on December 7, 1935; (b) of Baker's demand for performance on February 3, 1936, and Nakdimen's refusal to perform on that date; and (c) of Nakdimen's tender of performance on February 9, 1936.

It needs no citation of authorities to show that Nakdimen was not justified in making any requirement nor demanding any additional consideration for performance on December 7, 1935, or thereafter. Baker had fully performed his part of the contract by the transfer of the stock certificates to Celia Nakdimen. Upon Nakdimen's refusal to deliver the note and pledge on December 7, 1935, Baker immediately acquired a cause of action for breach of contract for which the measure of damages was the amount of the note. Grist v. Lee, 124 Ark. 206, 186 S.W. 825; Metropolitan Life Ins. Co. v. Harper, 189 Ark. 170, 70 S.W.2d 1042, 1044; Geiser Mfg. Co. v. Holzer, 110 Minn. 138, 124 N.W. 827; Kelly v. Pierce, 16 N.D. 234, 112 N.W. 995, 12 L.R.A.,N.S., 180; Stephenson v. Repp, 47 Ohio St. 551, 25 N.E. 803, 10 L.R.A. 620; Young v. Garrett, 83 Tex. 497, 18 S.W. 819; Carnahan v. Hughes, 108 Ind. 225, 9 N.E. 79; 55 C.J. 516, 522, 1027, 1072; 13 C.J. 696. Baker, however, apparently acquiesced in the delay. At least he made no immediate attempt to enforce collection and undertook to procure for Nakdimen the information requested by him.

On February 3, 1936, Baker demanded that Nakdimen complete the performance of the contract. The appellant contends that Baker's previous course of conduct together with his insistence upon performance on this date operated as a waiver of Nakdimen's default of December 7, 1935. This is doubtful. Slavens v. James, Tex.Civ.App., 211 S.W. 842, 846, and authorities cited. But even if Baker's action amounted to a waiver, that fact does not aid Nakdimen. He promptly refused to perform the contract and reaffirmed his earlier default. No valid reason existed for his refusal to make an immediate delivery of the documents on February 3, 1936. Baker was not required to consent to further delay for the wholly unwarranted reason assigned by Nakdimen.

On February 9, 1936, Nakdimen tendered to Baker a full and unconditional performance of the contract. The question here is whether this belated tender cured the existing breach. The general rule is that where a payment is to be made in chattels, or anything of fluctuating value, delivery must be made on the day set for payment and a subsequent tender of the thing to be paid may be refused. 62 C.J. 657, 665; 13 C.J. 665, citing White v. Prigmore, 29 Ark. 208, and Day v. Lafferty, 4 Ark. 450; 17 C.J.S. Contracts, § 482 (page 988, note 24). A promissory note and a pledge of securities are clearly things of fluctuating value. It has been held that upon the failure to deliver notes on the day set for payment, the obligation becomes a money demand and the promisee is not bound to accept a late tender of the notes. See Bryan v. Brazil, 52 Iowa 350, 3 N.W. 117; Benson v. Washington Leasing & Royalty Co., 173 Wash. 471, 23 P.2d 875; Colby v. Reed, 99 U.S. 560, 566, 25 L.Ed. 484; J. A. Schaefer Const. Co. v. Jones, Mo.App., 3 S.W.2d 286; California State Life Ins. Co. v. Elliott, Tex.Civ.App., 193 S.W. 1096, 1098; Emack v. Hughes, 74 Vt. 382, 52 A. 1061, 1064; 62 C.J. 657, note 46; 12 Am.Jur. § 388 (p. 966, note 3). Counsel have not called our attention to any Arkansas decisions or statutory provisions bearing upon this issue and we have

been unable to find any directly in point. The authorities cited above indicate that Arkansas follows the generally accepted rule. Assuming that Baker temporarily waived Nakdimen's default on December 7, 1935, the breach was made complete by the refusal to perform on February 3, 1936, without any valid reason; and the subsequent tender of performance under the circumstances present did not cure that voluntary breach.

4. It remains to consider the contention that Baker's refusal to accept the unconditional tender of performance on February 9, 1936, amounted to a waiver of Nakdimen's prior breach of the contract.

■ The short answer to this contention is that Nakdimen did not plead waiver as an affirmative defense and the issue was not raised, considered nor passed upon in the district court. Rules 8(c), 12(b), 12(h), and 15(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Bailey v. Bond, 9 Cir., 77 F. 406, 410. The defense can not be raised in this court for the first time.

■ The point is argued with such earnestness in the briefs that we are led to observe that under the circumstances of this case the defense of waiver is without merit in any event. It is true that there is a general rule that "Where a tender comes too late, a refusal solely on some collateral ground is a waiver of the objection that the tender was not made in time." 17 C.J.S. Contracts, page 989, § 483, note 41. The alleged waiver in this instance does not fall within that broad rule. Waiver under the circumstances here present must necessarily imply an intention to waive the objection of timeliness, and in the absence of a consideration it must contain the elements of an estoppel. Concordia Ins. Co. v. School Dist., 282 U.S. 545, 550, 51 S.Ct. 275, 75 L.Ed. 528; Fidelity & Deposit Co. of Maryland v. Bates, 8 Cir., 76 F.2d 160, 172; Lewin v. Telluride Iron Works Co., 8 Cir., 272 F. 590, 598;

Bailey v. Bond, supra, 77 F. at page 410; Frankfurt-Barnett Co. v. William Prym Co., 2 Cir., 237 F. 21, 28; Victor Products Corp. v. Yates-American Machine Co., 4 Cir., 54 F.2d 1062, 1064; Moss v. Aetna Life Ins. Co., 6 Cir., 73 F.2d 339, 341; Empire Gas & Fuel Co. v. Stern, 8 Cir., 15 F.2d 323; 67 C.J. 294, 296, 302. These rules appear to be in harmony with the decisions of the Supreme Court of Arkansas. General Motors Acceptance Corporation v. Hicks, 189 Ark. 62, 70 S.W.2d 509, 512; Friar v. Baldridge, 91 Ark. 133, 120 S.W. 989, 991.

■ It was said by Judge Walter H. Sanborn, speaking for this court, in Lewin v. Telluride Iron Works Co., supra, that "the indispensable elements of an estoppel are: (1) Ignorance of the party who invokes the estoppel * * *; (2) a representation by the party estopped which misleads; (3) and an innocent and detrimental change of the party asserting the estoppel in reliance upon the representation." [272 F. 598.] As pointed out above Nakdimen's obligation was to deliver to Baker on December 7, 1935, his promissory note, a stock certificate as collateral security therefor, and the written consent of his wife. These instruments may be presumed to have a fluctuating value, and there is no evidence that they did not. The tender was not accompanied with an offer of any consideration. Nakdimen could not have been ignorant of Baker's rights nor of his duty to perform on the date fixed for performance in the contract. He is a businessman of wide experience, as shown by the record; and he must have known that his excuses for non-performance and his collateral demands were invalid and unreasonable. He knew the position in which both parties stood; neither is it established that he was induced to change his situation or to act to his detriment by any thing which Baker did or omitted to do. There was no waiver, therefore, of the breach.

For the foregoing reasons the judgment appealed from is affirmed.