## TURNER v. FIRST NAT. BANK OF SULPHUR SPRINGS. (No. 2450.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 10, 1921.)

**1. Appeal and error ⬤⟿391(1)—Motion to dismiss overruled on tender of proper bond.**

A motion to dismiss appeal on account of the insufficiency of the appeal bond will be overruled, where appellant tenders bond which meets the objections made.

**2. Landlord and tenant ⬤⟿323—Relation held to exist; "rent."**

Where owner "rented" land and agreed to furnish the tools, teams and necessary feed therefor, and another was to furnish only the labor to make the crop for that year, and was to have one-half the crop and pay for food and rations furnished him, the relation was that of landlord and tenant, and they were not joint tenants or tenants in common in the crop raised, the word "rent" meaning compensation which owner of land receives for the use by another, and the verb "rent" meaning "to let out; to lease; as to rent one's house."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Rent.]

Appeal from Hopkins County Court; Homer L. Pharr, Judge.

Action by the First National Bank of Sulphur Springs against C. B. Turner. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Grover Sellers, of Sulphur Springs, for appellant.

Dial, Melson & Brim, of Sulphur Springs, for appellee.

HODGES, J. [1] In this case there is a motion to dismiss the appeal on account of the insufficiency of the appeal bond. The appellant, however, has tendered a bond which meets the objections made, and the motion is overruled.

[2] The nature of the case is sufficiently stated in the following findings of fact filed by the trial court:

"Plaintiff filed its suit to recover its debt and foreclosure of its mortgage lien on the cotton crop raised by Willie Vaughn during the year 1920 on the farm of R. L. Corley, said mortgage being dated January 31, 1920, and duly filed and recorded with the county clerk of Hopkins county, Tex.; that the plaintiff in its petition alleges that the defendant C. B. Turner bought one of the bales of cotton raised by the defendant Willie Vaughn, and on which plaintiff had a mortgage, and converted said bale of cotton to the defendant C. B. Turner's own use and benefit. The defendant C. B. Turner's answer raised the only issue in the case, said answer alleging that the said defendant Willie Vaughn was the tenant of the said R. L. Corley on whose land the cotton was raised, and that the money paid for the cotton by the said C. B. Turner was paid by the said Willie Vaughn and C. B. Turner to R. L. Corley, the owner of the land.

"I find as a matter of fact that Willie Vaughn rented land during the year 1920 from R. L. Corley and by verbal agreement the said R. L. Corley was to furnish the land, the tools, the teams and the necessary feed therefor; and the said Willie Vaughn was to furnish only the labor to make the crop for that year, and the said Willie Vaughn was to have one half of the crop, and that the said R. L. Corley was to have the other half. It was further agreed that the said Willie Vaughn was to pay the said R. L. Corley for the food and rations furnished him during the year of 1920.

"I conclude as a matter of law that Willie Vaughn and R. L. Corley during the year 1920 were joint tenants or tenants in common in the crop so raised by the said Willie Vaughn during the year 1920, and that the relation of landlord and tenant did not exist between the said Willie Vaughn and R. L. Corley."

Upon these conclusions a judgment was rendered in favor of the bank for one-half of the value of the bale of cotton in controversy.

The word "rent" has a well-defined significance. The substantive means compensation which the owner of land receives for its use by another. The verb "rent" means "to let out; to lease; as to rent one's house." Those definitions are given, in substance, by all the standard dictionaries. Corley, the owner of the land, testified as follows:

"I was to furnish Willie Vaughn the land, tools, team, feed for the team, and seed to plant. * * * Willie Vaughn lived in one room of my house, just because I had no other house for him to live in. He was renting land from me, and I had nothing to do with the crop."

That language describes a contract which created the relation of landlord and tenant between Corley and Vaughn. It is true that in the case of Antone v. Miles, 47 Tex. Civ. App. 289, 105 S. W. 39, language is used which intimates that one might be a "renter" and still not be a tenant. Since the writer of this opinion wrote the one referred to, he feels justified in saying that no such holding was intended. In fact, the question here presented was not involved in the determination of the merits of that appeal.

If, as stated by the court in his findings of fact and conclusions of law, the only issue in this case is whether or not the relation of landlord and tenant existed between Corley and Vaughn, we think the judgment should be reversed, and judgment here rendered for the appellant; and it is so ordered.