**REA et al. v. JOHNSON et al.   (No. 176.)**

(Court of Civil Appeals of Texas. Waco.
March 5, 1925. Rehearing Denied
April 30, 1925.)

1. **Brokers** ⊜═65(4)—**Real estate brokers may not represent both parties and collect commissions from both, unless dual capacity known prior to execution of contract.**

Real estate brokers may not represent both parties to transaction and collect commissions from both, unless dual capacity is known to all parties prior to execution of contract.

2. **Brokers** ⊜═65(4)—**When parties to exchange agreement sued for commissions are estopped from denying liability by reason of dual capacity of broker stated.**

All parties to a trade who, before it is consummated, learn of and acquiesce in fact that broker represents both parties, and after closing of trade execute their notes to broker for agreed commission are estopped from denying liability by reason of the dual capacity of the broker.

3. **Brokers** ⊜═65(4)—**Parties' lack of knowledge of dual capacity of brokers suing on notes for commissions held defense only where fact of dual capacity not known at execution of notes.**

Parties' lack of knowledge of dual capacity of real estate brokers suing on notes given in payment of commissions *held* defense only where such lack of knowledge existed at execution of notes, and not at time transaction was consummated.

4. **Pleading** ⊜═245(6)—**Permitting trial amendment after verdict held not error.**

Permitting trial amendment after verdict *held* not error, where the issue raised by such amendment was fully developed and determined in the trial.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Suit by H. M. Johnson and others against Oscar J. Rea and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Garrett & Sheehy, of Waco, for appellants.
Jno. B. Atkinson, of Waco, for appellees.

BARCUS, J. Appellees instituted this suit against appellants on a note for $350. Appellants, for answer, alleged that the note was executed in payment of a real estate commission to appellees for effecting the exchange of certain real estate belonging to appellants, and alleged that in said real estate trade appellees fraudulently misrepresented the value of the land which appellants were trading for, and alleged that the note was void because appellees, as real estate agents, were claiming a commission from both sides of the real estate trade without the knowledge or consent of appellants. A trial before a jury on special issues resulted in a judgment in favor of appellees.

Appellants owned some real estate at Clifton, which they valued at $42,000 and which they traded to Bletsch & Thompson for 640 acres of land in Falls county, valued at $62,000. Appellees and a Mr. Grimland, real estate agents, represented appellants, and L. Wood of Falls county represented Bletsch & Thompson. The contract of exchange was signed in the early spring of 1923; the exact date not being given. After the contract was signed, and before the deeds were executed, appellees informed appellants that Bletsch & Thompson were to pay a commission of $1,000 and that the $1,000 commission which appellants were to pay and the $1,000 which Bletsch & Thompson were to pay were to be pooled, and that Grimland was to receive one-third, appellees one-third and Wood one-third of the $2,000; and requested appellants to take Bletsch & Thompson's note, secured by a lien on the property which they were trading, for the $1,000 Bletsch & Thompson were to pay, in order that same might be sold and the cash realized thereon at once, which appellants agreed to and did do. The sales were finally consummated and papers passed about the 1st of June, 1923. On June 28th, appellants, not having paid the $1,000 commission, by agreement of all parties, executed their three notes for the commission, making one payable to Grimland, one to Wood and one to appellees, said notes being dated June 28th, and the note sued on being payable October 1, 1923.

[1] Appellants knew at the time they executed the deeds and closed the contract, and at the time the note in controversy was given, that the commissions paid by the respective parties had been pooled and divided between the three real estate firms. As to when the real estate agents agreed to pool their commissions, the evidence is uncertain.

As we view the matter, it is, however, immaterial. A real estate broker cannot represent both parties to a real estate trade and collect commissions out of both, unless that fact is known to all parties prior to the making of the contract. Baker v. Greer (Tex. Civ. App.) 208 S. W. 755; Buck v. Woodson (Tex. Civ. App.) 209 S. W. 244.

[2] Where a real estate broker does represent both parties and before the trade is consummated all parties learn said facts and acquiesce thereto, and after the trade is closed execute their notes to the commission broker for the agreed commission, they are estopped from denying liability by reason of the dual capacity of the broker. Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201; Adams v. Overland Automobile Co. (Tex. Civ. App.) 202 S. W. 207; National Bank v. Carper, 28 Tex. Civ. App. 334, 67 S. W. 188.

[3] Appellants complain of the action of the trial court in permitting appellees to file a trial amendment after the verdict of the jury had been returned. In their answer, appellants partially based their defense on the theory that the note was nonenforceable because appellees were acting in a dual capacity, unknown to them, in the exchange of real estate. The court submitted the issue to the jury as to whether appellants knew of the dual relation at the time the contract of exchange of properties was signed, to which the jury answered "No." The jury found, and appellants admitted, that at the time the note was executed appellants were fully advised of the entire arrangement and agreement between the real estate agents as to how the commissions were to be divided. After the verdict was returned, the trial court permitted appellees to file a trial amendment, pleading, in effect, that appellants were estopped from denying their liability because after they had discovered and learned the facts, they executed the note. We do not think it was necessary for the appellees to have filed the trial amendment. To have constituted a defense, it was necessary for appellants to have alleged and proven that at the time they executed the note they did not know of the dual employment of appellees. The fact that they did not know thereof at the time the contract was entered into was not a defense to the note.

[4] If it had been necessary for appellees to file a trial amendment, we do not think it was error for the trial court to have permitted same. In Johnson v. Bingham (Tex. Civ. App.) 251 S. W. 529, which was affirmed by the Supreme Court in 265 S. W. 130, the trial court, after the verdict of the jury was returned, permitted plaintiff to amend his petition so that same would read that the rental value of the land was "the sum of ten dollars per acre per year," when the petition on which the cause was tried had read, "the sum of ten dollars per year." The court held same was proper, and said:

"This issue was tried, submitted, and determined by the jury upon an acre basis. It is perfectly clear from these facts that, if the amendment had been made before the trial, it would not have affected the verdict. This being so, no possible injury to appellants could have resulted from permitting the amendment after the verdict so that the pleading would accurately reflect the issue as intended to be presented, and as tried and determined."

In this case, all of the facts were developed and the questions submitted to the jury, with reference to the knowledge of appellants and with reference to their action, and the issue raised by the trial amendment had been fully developed and determined in the trial.

We have carefully examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.