EMPLOYERS' CASUALTY CO. v. IRENE INDEPENDENT SCHOOL DIST. et al. *
(No. 335.)

(Court of Civil Appeals of Texas. Waco. June 3, 1926. Rehearing Denied July 1, 1926.)

1. Schools and school districts ⬤�439 81 (2)— Failure of school district to retain 20 per cent. of contract price did not release surety on bond permitting alterations in contract, after surety had agreed to payment of 20 per cent. reserve before completion of work.

Where surety's bond provided that alterations in agreement between contractor and school district erecting school should not release surety, and all parties agreed under separate contract to pay contractor 20 per cent. reserve before completion of work, failure of school district to retain 20 per cent. of contract price, as required in its contract, did not release surety.

2. Principal and surety ⬤�439 100(1).

Where construction bond permits alterations in terms of contract and nature of work to be done, any changes made will not affect surety's liability.

3. Pleading ⬤�439 287—Permission to sign amended petition on which case was tried after rendition of judgment held not error, where defendant failed to show that he was injured thereby.

Where cause was tried on second amended petition, filed on day of trial, and delivered to defendant's attorneys who had full opportunity to examine same, and file objections, it was not error to permit plaintiff's attorneys to sign amended petition after rendition of judgment, defendant not shown to be harmed thereby.

Error from District Court, Hill County; Horton B. Porter, Judge.

Action by the Irene Independent School District against the Employers' Casualty Company, in which Howard Mann and others filed pleas of intervention. Judgment adverse to defendant, and it brings error. Affirmed.

Nathaniel Jacks, of Dallas, for plaintiff in error.

Frazier & Averitte, of Hillsboro, for defendants in error.

BARCUS, J. On September 12, 1923, I. T. Brazell entered into a contract with Irene independent school district by the terms of which he contracted to erect a school building at Irene according to certain plans and specifications, for the total sum of $22,500, and, as required by the contract, Brazell executed a bond for $11,000 signed by the Employers' Casualty Company, for the faithful performance of the contract. About February 15, 1924, after Brazell had been paid by the Irene independent school district the total amount due him under said contract, he abandoned the contract without same having been completed. After the contractor had abandoned the building, the Irene independent school district notified the Employers' Casualty Company, and it failed to complete the building. The school district, about March 1, took charge of the building, and moved the school children into same, and school was conducted therein until the close of the term some time in May. During the summer vacation, under the supervision of the architect named in the contract, the school district had the building completed according to the original plans and specifications at a cost of $828, and made demand upon the Employers' Casualty Company to pay same, which was refused, and this suit was instituted to recover said amount.

Howard Mann filed his plea of intervention on a sworn itemized account, claiming that Brazell was indebted to him for $273.25 for sand and gravel which he had furnished Brazell, and which had been used in said building. H. C. Martin filed his plea of intervention, claiming that I. T. Brazell was indebted to him for $175 for labor and material which he had furnished in the construction of said building. A. E. Ellender filed his plea of intervention for $229.60 for labor and material he had furnished in the construction of said building. Acme White Lead & Color Works filed its plea of intervention for $235.18 on sworn itemized account for material which it had furnished I. T. Brazell in the construction of said building, and M. E. Hackett filed his plea of intervention for $126.50 for labor which he had performed in the construction of said building. During the pendency of the suit, I. T. Brazell died, and he was dismissed, and the suit was prosecuted against the Employers' Casualty Company alone. Plaintiff in error will be designated as the casualty company, the Irene independent school district as the school district, and the other parties as interveners.

The contract, which is dated September 12, 1924, as made by the school district with Brazell, contained, among others, paragraph No. 13 as follows:

"And it is hereby mutually agreed between the parties hereto that the sum to be paid by the owners to the contractor for said work and material shall be $22,500.00, subject to the additions or deductions on account of alterations hereinbefore provided, and that such sum shall be paid in current funds by the owners to the contractor in installments, as follows: Commencing two weeks after actual operation begins payments shall be made every two weeks, same shall be paid on estimates furnished by the architect, same shall be based

on 80 per cent. of materials used and on the premises, also on all labor performed.

"It being understood that the final payment shall be made within five days after this contract is completely finished; provided, that in each of the said cases the architects shall certify in writing that all the work upon the performance of which the payment is to become due has been done to their satisfaction, and, provided further, that before each payment, if required, the contractor shall give the architects good and sufficient evidence that the premises are free from all liens and claims chargeable to the said contractor; and, further, that, if at any time there shall be any lien or claim for which, if established, the owners of the said premises might be made liable, and which would be chargeable to ·the said contractor, the owners shall have the right to retain out of any payment then due, or thereafter to become due, an amount sufficient to completely indemnify them against such liens or claim until the claim shall be effectually satisfied, discharged, or canceled. And, should there prove to be any such claim after all payments are made, the contractor shall refund to the owners all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of the former's default."

The contract further provides that, if the contractor fails, refuses, or neglects to complete the building in compliance with the plans and specifications, the owners (school district) shall have the right to complete the building, and, if the expense incurred by the owners in finishing the work shall be in excess of the amount the owners owe the contractor, the contractor agrees to pay and reimburse the owners for the money so spent in completing the building. The bond which Brazell made to the school district, and which is signed by the casualty company as surety, is conditioned that the said Brazell shall truly and faithfully perform the contract and pay all subcontractors, workmen, laborers, mechanics, and furnishers of material in full for all work done, labor performed, and material furnished in the performance of said contract, or in any manner incident to the performance thereof, and provides that the bond is made for the use of all persons and corporations who may furnish labor or material on said contract, and provides further:

"Any alterations made by agreement between the contractor and the owner in the terms of the contract or the nature of the work to be done or the granting to the contractor, his executors, administrators, heirs or assigns, any extension of time for the performance of the contract or of any of the stipulations therein contained, or any forbearance on the part of the owner, or any change in the plans and specifications, shall in nowise release the principal or the sureties hereon."

[1, 2] The casualty company contends that it is not liable to the school district, because the school district failed to retain the 20 per cent. of the contract price as provided in paragraph 13 of the contract above quoted.

We cannot agree with this contention. The authority given under the provisions of the bond above quoted authorizing alterations and changes to be made is as broad and complete as it is possible to write, and, where the bond gives the contracting parties the right to make any alterations or changes in the terms of the contract and the nature of the work to be done, any changes made will not affect the surety's liability. Zang v. Hubbard Building & Realty Co. (Tex. Civ. App.) 125 S. W. 85; Wharton v. Fidelity Mutual Life Insurance Co. (Tex. Civ. App.) 156 S. W. 539; Jones v. Gambill, 241 S. W. 1067; 21 R. C. L. 1012.

In addition to the provisions contained in the bond, in January, 1924, the treasurer of the school board required additional consent to be given by all the parties at interest, and there was signed and delivered to the treasurer before, according to his testimony, any portion of the 20 per cent. was paid out, the following instrument:

"On the 12th day of September, 1923, the board of trustes of the Irene independent school district, entered into a contract with I. T. Brazell for the construction of a two-story school building to be built in Irene, Tex., under the supervision of C. H. Leinbach, architect; and the said contractors furnished the said school board a surety bond, executed by the Contractors' Bonding Syndicate, for 50 per cent. of the amount of the contract, as a guarantee of fulfillment of contract; the terms of said contract being that the contractor was to receive 80 per cent. of all labor performed and of all materials used and placed on site as work is carried on. At this time the contractors have been paid up to this limit, and the job is fully 90 per cent. complete. It now develops that it will be to the interest of all parties concerned that the contractor be advanced additional funds taken from this 20 per cent. reserve to take care of labor pay rolls, freights, and any bills that are absolutely necessary for the completion of said job, and it is hereby agreed by the parties hereto that said payments will not· in any way affect the contractor's, owners' or bond company's liabilities under the original contract and bond."

This was signed by Brazell, the casualty company, and the school district. After the above document was signed and delivered to the treasurer, he paid to the contractor about $1,900 for labor bills, and paid to the Spencer Lumber Company the remainder of the 20 per cent. retained, in satisfaction of the lumber . bill which the Spencer Lumber Company held against the contractor for material furnished in the construction of said· building. There was no evidence tending to show that any of the money paid out of the 20 per cent. that had been retained went to pay for anything except the labor and materials that were actually placed on and in said building. We think, under the terms of the original contract and bond, as well as under the terms of the agreement made in January, 1924, before the funds were paid out, the casualty

company authorized the school district to pay said funds, and that its payment thereof to the contractor did not in any way affect or release the casualty company.

The casualty company, by a number of assignments of error, has attacked the sufficiency of the testimony to support the judgments rendered in favor of the school district and the interveners. We have examined each of these, and, while the testimony is conflicting, there is evidence sufficient to support the judgments of the court.

[3] The casualty company complains of the action of the trial court in overruling its general demurrer and permitting attorneys for the school district to sign the amended petition after the court had rendered its judgment. The record shows that the cause was tried on the school district's second amended petition, which was filed the day the cause was called for trial, after certain exceptions had been sustained to its pleadings. The petition was delivered to the attorneys for the casualty company, and they had full opportunity to examine same, and they did file exceptions thereto, and the cause was tried on said pleading and the answer of the casualty company in reply thereto. The casualty company has not shown that it was in any way harmed or injured by the pleading not having been actually signed before the case was tried, or that it was injured by the trial court having permitted same to be signed after the cause was tried. This assignment is overruled. Johnson v. Bingham (Tex. Civ. App.) 251 S. W. 529; Rea v. Johnson (Tex. Civ. App.) 270 S. W. 1077.

We have examined all of the casualty company's assignments of error, and same are overruled. The judgment of the trial court is affirmed.