### TEXAS INDEMNITY INS. CO. v. JAMES. (No. 1561.)

Court of Civil Appeals of Texas. Beaumont. June 20, 1927.

1. **Master and servant** ⊜⇒405(6)—Evidence held not to support finding employee was permanently and totally incapacitated by injury causing diabetes.

In suit to set aside award of Industrial Accident Board in favor of employee, evidence *held* insufficient to support jury's finding of permanent total incapacity from injury causing diabetes.

2. **Master and servant** ⊜⇒405(6)—Evidence held to support finding diabetes was attributable to injury, and that total incapacity resulted.

Evidence *held* to warrant jury finding that injury to employee resulted in diabetes causing total incapacity.

3. **Master and servant** ⊜⇒385(20)—Lump sum judgment held erroneous, where evidence did not show injury to employee caused permanent total incapacity (Rev. St. 1925, art. 8306, § 15).

Lump sum judgment against insurer *held* erroneous, under Rev. St. 1925, art. 8306, § 15, where evidence did not support jury's finding that injury caused permanent total incapacity.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Suit by the Texas Indemnity Insurance Company against Solomon James to set aside an award of the Industrial Accident Board in favor of defendant, in which defendant filed cross-action. From a judgment for defendant, plaintiff appeals. Affirmed in part, reversed and reformed in part, and remanded, with instructions.

Minor & Lipscomb, of Beaumont, for appellant.

Mooney, Adams & Hamilton, of Jasper, for appellee.

O'QUINN, J. Appellant brought this suit in the district court of Jasper county to set aside an award of the Industrial Accident Board in favor of appellee. Appellee answered, and by cross-action alleged total permanent disability, and sought recovery against appellant for 401 weeks compensation at the rate of $13.85 per week, and for a lump sum payment. To this cross-action appellant replied that, if appellee had suffered any injury, it had long since terminated, and that, if appellee was incapacitated, his incapacity was the result of conditions and causes wholly unrelated to his alleged injury, but that said incapacity, if any, was caused by a disease known as diabetes.

The case was tried to a jury upon special issues, in answer to which they found (1) that appellee was injured while in the course of his employment; (2) that appellee was totally incapacitated by reason of the injury; (3) that the total incapacity was permanent; (4) that appellee did not have diabetes at the times he received his injuries; (5) that appellee's average weekly wage was $13.85; and (6) that manifest hardship and injustice would result unless the compensation was paid in a lump sum. Upon this verdict judgment was rendered in favor of appellee for 401 weeks compensation at the rate of $13.85 per week, payable in a lump sum, amounting to $5,263, less $290.80 previously paid, and directing that one-third of this sum should be paid to attorneys of appellee. From this judgment appellant brings this appeal.

It is agreed that appellee's average weekly wage was $13.85. The undisputed facts show that appellee was an employee of the Magnolia Pipe Line Company; that said company was a subscriber under the Employers' Liability Act (Rev. St. 1925, arts. 8306–8309), and carried insurance with appellant; that on May 25, 1926, appellee was injured in the course of his employment; that appellant acknowledged liability and paid compensation to appellee for 21 weeks at the rate of $13.85 per week, when payment was stopped because, appellant contended, appellee's incapacity had ceased. It is also undisputed that appellee is suffering from diabetes, and that before the injury he had not been thus afflicted.

When appellant ceased to make weekly payments of compensation, appellee filed his claim for compensation with the Industrial Accident Board, which upon hearing, October 22, 1926, made its award in favor of appellee, granting him compensation at the rate of $13.85 per week, beginning to accrue on June 2, 1926, and continuing thereafter in the future until and unless altered, changed, modified, or terminated by subsequent agreement between the parties, or by subsequent order of the board, but in no event to continue longer than 401 weeks from and after May 25,

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1926. This is the award sought by this suit to be set aside.

Appellant's assignments attacking the submission of the issue of total incapacity and the finding of the jury that appellee was totally incapacitated are overruled. The evidence raised the issue, and we think it is sufficient to support the finding of total incapacity at the time of the trial. It was sufficient, we think, also, to show that appellee's diabetic condition was caused by the injury. Georgia Casualty Co. v. Little (Tex. Civ. App.) 281 S. W. 1092.

[1-3] The assignments challenging the submission of the issue of permanent total incapacity and the sufficiency of the evidence to support the jury's finding of permanent total incapacity are sustained. Several doctors testified, all of them at the instance of appellee, and none of them testified that appellee's total incapacity was permanent—there was no testimony to that effect. It is true that all of the doctors testified that appellee had diabetes, and that diabetes was regarded as incurable, but they also testified that when diabetes is treated with insulin and the patient put upon proper diet, the disease quickly yields to the treatment and the patient usually became as normal as most people. Appellee admitted that he had been advised by the doctors that he had diabetes, but that he had not been treated for the malady because, he said, he was not financially able to do so. However, if the issue of permanent total incapacity can be said to have been raised by the evidence, then in our opinion the finding of the jury of permanent total incapacity was so against the weight of the evidence as to be wrong and could not be allowed to stand. All of the evidence was to the effect that, when diabetes is treated with insulin and the patient put upon proper diet, relief followed, and the person was restored to a normal condition. In this state of the evidence the finding of permanent total incapacity must be set aside. While total incapacity may exist at the time of the trial, and the circumstances may indicate that it will continue for 401 weeks, yet it may not be permanent, that is, unchanging or never ending; the proof should show the incapacity to be total and permanent.

The above holding necessarily renders the lump sum judgment erroneous. It is only in case of death or permanent total incapacity that a lump sum award may be made. Article 8306, § 15, Revised Civil Statutes 1925.

It follows that that portion of the judgment of the trial court awarding appellee compensation at the rate of $13.85 per week as for total incapacity should be affirmed, and that those portions of said judgment awarding appellee recovery as for total permanent incapacity and for judgment for compensation in a lump sum should be reversed and here reformed so as to grant compensation to the appellee as for total incapacity at the rate of $13.85 per week, beginning on June 2, 1926, and continuing thereafter in the future until and unless altered, changed, modified or terminated by subsequent agreement between the parties, or by subsequent order of the court, but in no event to continue longer than 401 weeks from and after May 25, 1926, and it is so ordered; and it is the further order and judgment of this court that the cause be and the same is here remanded to the district court of Jasper county, with instructions that judgment therein be entered in accordance with our holdings herein, and that said district court retain and hold jurisdiction of this cause and administer same in accordance with the judgment and mandate herein.